## GENERAL ELECTRIC CO. v. STAR BRASS WORKS.

(Circuit Court, W. D. Michigan, Southern Division. March 21, 1901.)

PATENTS—INFRINGEMENT.
 The Anderson patent, No. 412,155, claim 8, for improvement in the durability of trolleys for electric railway service, *held* not anticipated, and infringed.

In Equity.

Betts, Betts, Sheffield & Betts (Knappen & Kleinhans, of counsel), for complainant.

Fred. L..Chappell, for defendant.

WANTY, District Judge. This is a suit brought for the infringement of the eighth claim of patent No. 412,155, issued October 1, 1889, to Albert Anderson, for improvement in the durability of trolleys for electric railway service. The eighth claim is as follows:

"The combination, with a trolley frame and trolley wheel, of metallic conducting brushes, g2, between the hubs of the trolley wheel and the said frame, to operate substantially as described."

This part of the device is for means of conveying the electric current from the grooved conducting wheel to the trolley frame from the under side of the overhead conductor. The brushes referred to in the claim consist of strips of spring copper attached at one end and free at the other, and they bear with spring pressure on the end of the trolley-wheel hub at a point between the hub and the embracing frame. The problem which confronted the manufacturers of electric railways which was solved by this invention of Anderson is set out in the opinion of Judge Kirkpatrick in the case of General Electric Co. v. Rahway Electric Light & Power Co. (C. C.) 96 Fed. 563, where it is held that the patent here in question overcame the obstacles; and the evidence in this case shows that the method of conducting the current by these metallic conducting spring brushes between the ends of the hub of the wheel and the trolley frame is of great utility, and has been universally adopted.

The defenses are—First, substantial anticipation of the patent; and, second, that the defendant's structures do not infringe.

None of the patents introduced in evidence have the combination stated in the eighth claim, which is for "the combination, with a

trolley frame and trolley wheel, of metallic conducting brushes, g2, between the hubs of the trolley wheel and the said frame." It is pointed out by the defendant that the Van Depoele patent, No. 396,310, issued January 15, 1889, shows brushes pressing on the side of the trolley wheel for the transmission of the current. In this Van Depoele structure the conducting springs are on the outside of the trolley frame, and exposed to mechanical and electrical injuries, besides having the bearing on the periphery of the wheel, where there is the greatest wear. This patent was considered by Judge Kirkpatrick in the case referred to, and he held that the eighth claim of the Anderson patent was not anticipated by the Van Depoele device, and I am of the same opinion. The Van Depoele patent, No. 408,638, issued August 6, 1889, was also referred to as anticipating the patent in suit. In that patent Van Depoele had two hinged blocks, held together by a small coiled wire spring at the top, which spring brought the blocks in contact with the sides of the hub. This patent was also introduced in evidence before Judge Kirkpatrick, who, in referring to it, used this language:

"It needs but a careful observation of the apparatus set out in the remaining Van Depoele patent, No. 408,638, combined with a knowledge of what the requisites for a successful contact device are, and an understanding of the improvements sought by Anderson and allowed by his invention, to have it apparent that there is much difference between Van Depoele's contact device and the Anderson combination. There are differences in structure and arrangement of the two devices. The spring force is differently applied. The shape of the contacts is different, as well as the point of contact between the trolley wheel and the contact devices. The want of similarity becomes more evident when we understand the needs of the art; what Anderson, by his peculiar construction and improved contact arrangement, did; and wherein the Van Depoele device failed.'

In the Curtis & Crocker patent the brushes do not bear upon the hub of the wheel, and are not locked between the frame and the wheel so as to be protected; and the same can be said of the Curtis & Wheeler patent, which is protected by a cap or covering for the commutator and brushes, which would be impossible in a successful trolley. These are the patents relied upon on the argument as showing anticipation, but they do not anticipate the eighth claim of the Anderson patent, nor do any of the patents introduced in evidence by the defendant, as in none of them do we find the contact springs or brushes "between the hubs of the trolley wheel and the frame," for the purpose of conducting the current, and being in a protected position. I think the patent is valid.

The eighth claim is broad, and covers the combination of the brushes, g2, between the hub and frame of a trolley wheel, for the purpose of conducting the current, and for the protection of the brushes, and is not limited to an eye encircling the pin or a trolley wheel having an insulating bushing, and, in my judgment, both structures of the defendant infringe. The first structure is an exact copy of the Anderson patent, made without notice that it was patented. When notice of infringement was served, the structure was changed so that the eye in the end of the spring or brush was cut away so as to form a fork, and a washer inserted with lugs corresponding to

the portions cut away, which fit in the end of the fork, and make the eye complete, encircling the pin or spindle. The brushes, springs, or forks between the hubs of the trolley wheel and frame are retained, and the device infringes the eighth claim of the Anderson patent.

The complainant is entitled to a decree in the usual form, but no accounting for profits and damages before notice was served on the defendant.